IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LYNETTE B.,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case #4:21-CV-00127-PK<br><br>Magistrate Judge Paul Kohler |

This matter comes before the Court on Plaintiff Lynette B.'s appeal from the decision of the Social Security Administration denying her application for disability insurance benefits. The Court will reverse and remand the administrative ruling.

## I.  STANDARD OF REVIEW

This Court's review of the administrative law judge's ("ALJ") decision is limited to determining whether the findings are supported by substantial evidence and whether the correct legal standards were applied.[1] "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[2] The ALJ is required to consider all of the evidence, although the ALJ is not required to discuss all of the evidence.[3] If supported by substantial evidence, the Commissioner's findings are conclusive and must be

---

[1] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[2] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

[3] *Id.* at 1009–10.

affirmed.[4] The Court must evaluate the record as a whole, including the evidence before the ALJ that detracts from the weight of the ALJ's decision.[5] However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the Commissioner.[6]

## II.  BACKGROUND

A.  PROCEDURAL HISTORY

In May 2018, Plaintiff filed an application for disability insurance benefits, alleging disability beginning on March 17, 2016.[7] Plaintiff sought benefits based on a learning disability, left shoulder pain, depression, anxiety, post-traumatic stress disorder ("PTSD"), neck pain, migraines, low back pain, and fibromyalgia.[8] The claim was denied initially and upon reconsideration.[9] Plaintiff then requested a hearing before an ALJ, which was held on April 19, 2021.[10] The ALJ issued a partially favorable decision on May 7, 2021.[11] The Appeals Council denied review on November 23, 2021,[12] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[13]

---

[4] *Richardson*, 402 U.S. at 390.

[5] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[6] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

[7] R. at 190–96.

[8] *Id.* at 225.

[9] *Id.* at 89, 113.

[10] *Id.* at 39–69.

[11] *Id.* at 9–38.

[12] *Id.* at 1–6.

[13] 20 C.F.R. § 404.981.

On January 7, 2022, Plaintiff filed her complaint in this case.[14] On January 26, 2022, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[15] The Commissioner filed an answer and the administrative record on March 21, 2022.[16]

Plaintiff filed her Opening Brief on May 20, 2022.[17] The Commissioner's Answer Brief was filed on June 17, 2022.[18] Plaintiff filed her Reply Brief on July 6, 2022.[19]

B.      MEDICAL HISTORY

Plaintiff has a long history of migraine headaches.[20] Plaintiff gets these headaches at least three to four times per month and they last two to three days.[21] Plaintiff's headaches are accompanied by sensitivity to light and sound, along with nausea and vomiting.[22] Plaintiff has been prescribed medications for her headaches. At times, she has reported that these medications helped,[23] but in other instances they did not.[24]

---

[14] Docket No. 4.

[15] Docket No. 11.

[16] Docket Nos. 13–15.

[17] Docket No. 18.

[18] Docket No. 20.

[19] Docket No. 21.

[20] R. at 827 (noting that she has been getting migraines since 1985).

[21] *Id.* at 462, 535, 536, 537, 565, 567, 687, 827, 893.

[22] *Id.* at 444, 448, 453, 456, 462, 466, 472, 483, 491, 535, 536, 537, 567, 666, 672, 681, 687, 831, 1094, 1195.

[23] *Id.* at 554, 565, 567, 600, 626, 949.

[24] *Id.* at 444, 585, 702, 822.

C.      THE ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process in deciding Plaintiff's claim. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 17, 2016, the alleged onset date.[25] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: disorder of the spine, fibromyalgia, disorder of the left shoulder, affective/mood disorder, PTSD, learning disorder, and borderline intellectual functioning.[26] At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment.[27] The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with certain modifications.[28] At step four, the ALJ determined that Plaintiff could not perform any past relevant work.[29] At step five, the ALJ found that, prior to April 2, 2021, there were other jobs that exist in significant numbers in the national economy that Plaintiff could perform and, therefore, she was not disabled prior to that date.[30] However, the ALJ concluded that Plaintiff became disabled on April 2, 2021.[31]

---

[25] *Id.* at 16.

[26] *Id.* at 16–17.

[27] *Id.* at 17–20.

[28] *Id.* at 20–29.

[29] *Id.* at 29.

[30] *Id.* at 30–31.

[31] *Id.* at 31.

## III.  DISCUSSION

Plaintiff raises two issues in her brief: whether the ALJ erred in his consideration of Plaintiff's migraine headaches and rheumatoid arthritis; and whether the ALJ erred in his evaluation of the medical opinion evidence. The Court will limit its discussion to the ALJ's evaluation of Plaintiff's headaches.

Social Security Ruling ("SSR") 19-4p sets out how an ALJ should evaluate cases involving headache disorders in the sequential evaluation process.[32] At step two, the ALJ must determine whether a headache disorder is a severe impairment.[33] At step three, the ALJ considers whether a headache disorder medically equals a Listing 11.02.[34] "If a person's primary headache disorder, alone or in combination with another impairment(s), does not medically equal a listing at step three of the sequential evaluation process, [the ALJ] assess[es] the person's [RFC]."[35] The ALJ "must consider and discuss the limiting effects of all impairments and any related symptoms when assessing a person's RFC."[36]

The ALJ's decision is largely devoid of any discussion of Plaintiff's headaches. The ALJ acknowledged that Plaintiff suffered from migraines.[37] The ALJ went on to conclude that they were not severe because Plaintiff told her doctor that they were stable with medication.[38] But the

---

[32] 2019 WL 4169635 (Aug. 26, 2019).

[33] *Id.* at *2.

[34] *Id.* at *7.

[35] *Id.*

[36] *Id.*

[37] R. at 17.

[38] *Id.*

ALJ ended his analysis there. He did not discuss whether Plaintiff's migraine headaches met or equaled a listed impairment and did not state that Listing 11.02 was considered.[39] Moreover, the ALJ failed to discuss whether Plaintiff's migraine headaches would cause any additional limitations when determining Plaintiff's RFC.

To the extent that Plaintiff argues that the ALJ erred at step two, any error is harmless because the ALJ found other severe impairments and continued the analysis.[40] However, in determining Plaintiff' RFC, the ALJ was required to consider all of Plaintiff's medically determinable impairments, including those that are not severe.[41] Here, the ALJ failed to consider the effects of Plaintiff's "migraines or headaches at step four in determining [her] RFC."[42] SSR 19-4p provides an example of when a headache disorder may provide a work-related limitations. It states that "symptoms of a primary headache disorder, such as photophobia, may cause a person to have difficulty sustaining attention and concentration."[43]

There is ample evidence in the record to support Plaintiff's claims of migraine headaches. These headaches are often accompanied by photophobia, phonophobia, nausea, and vomiting. There is also evidence that those headaches could result in limitations.[44] Yet the ALJ failed to account for any such limitations in the RFC analysis or discuss why additional limitations were

---

[39] *Id.*

[40] *See Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) ("[T]he failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe.").

[41] *Id.*; *see also* 20 C.F.R. § 404.1545(e).

[42] *Deardorff v. Comm'r, SSA*, 762 F. App'x 484, 486 (10th Cir. 2019).

[43] SSR 19-4p, at *8.

[44] R. at 985–86 (Treating Source Statement of Physical Limitations from Will Christensen, NP).

not supported by the record. This requires remand.[45] Because this case must be remanded, the Court will not address the other issues raised by Plaintiff.[46]

## IV.  CONCLUSION

It is therefore

ORDERED that the ALJ's decision is REVERSED AND REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for the purposes of conducting additional proceedings as set forth herein.

DATED this 19th day of July, 2022.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

---

[45] *Deardorff*, 762 F. App'x 490 (finding that "[t]he ALJ erred by failing to discuss the significant evidence of Mr. Deardorff's headaches and how they might impact his functional abilities" and remanding "for the ALJ to consider the evidence of Mr. Deardorff's headaches in assessing his RFC").

[46] *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (declining to address other issues raised on appeal when the ALJ's error affected the analysis as a whole); *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").